*1043 OPINION.
Sternhagen :
1. The taxpayer estate claims the deduction from gross estate of the $400,000 paid by the executors to the Lalor Foundation, Inc., because the corporation was a charitable or educational corporation, bequests to which are deductible, Revenue Act of 1926, sec. 303 (a) (3). The Commissioner has denied the deduction for several reasons.
It is necessary to consider the force of only one ground for the Commissioner’s disallowance. The will provided clearly that if the selection of charitable or educational recipients of the $400,000 bequest was not made by the designated persons within one year after probate of the will, the possibility of such charitable legacy should lapse and the amount should become part of the residuary estate. The residuary estate was left to a trust for the benefit of private individuals. This provision, it must be held, defeats the deduction claimed. Mississippi Valley Trust Co. v. Commissioner, 72 Fed. (2d) 197; Davison v. Commissioner, 81 Fed. (2d) 16; Knoernschild v. Commissioner, 97 Fed. (2d) 213.
Although the evidence shows that the decedent had little doubt that his sister and his nephew would carry out his desire to make a charita *1044 ble contribution, nevertheless he left it entirely within their discretion to effectuate such a philanthropy or to permit it to lapse and thus have the $400,000 go into the residuary estate. The last word was theirs. The bequest, therefore, can not be designated as a bequest by the decedent to a charitable organization. It was only to become such if the sister and her son by their own volition designated such a legatee. The effect of the testamentary provision was to create a simple alternative — on the one hand, a charitable bequest if certain living individuals were willing to have it so; and, on the other hand, a residuary bequest to private legatees if the individuals so elected. The belief arising from the circumstances in which the testamentary provision was made, that the sister and her son were not likely to permit the decedent’s charitable purpose to lapse, does not soften the operation of the fact that the charitable bequest was in terms not absolute but conditional upon the voluntary conduct of the sister and nephew.
The Commissioner’s determination must be sustained.
2. The petitioner also claims the deduction of the amounts paid to the nieces because, in reliance upon the decedent’s promise, they had refrained from marriage until after they were twenty-five. It is sufficient to defeat the deduction that the consideration for the claims was not in money or money’s worth, as the statute requires, section 303 (a) (1) (e) , Revenue Act of 1926, as amended by section 805, Revenue Act of 1932. Central Union Trust Co. of New York et al., Executors, 24 B. T. A. 296. The Commissioner’s disallowance of these deductions is sustained.
Several items of the deficiency determination were disposed of by the parties and the disposition may serve to modify the deficiency.

Decision will be entered under Bule 60.